

**07 CIV 8813**

DeOrchis Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
# :
FILED: 10/12/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASPEN INFRASTRUCTURES LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

                          Plaintiff,

   - against -

E.P. TEAM, INC.,

                          Defendant.
------------------------------------------------------------X

**07 Civ.**

***EX-PARTE* ORDER FOR PROCESS OF MARITIME ATTACHMENT**

    **WHEREAS**, on October 12, 2007, ASPEN INFRASTRUCTURES, LTD., filed a Verified Complaint herein for damages amounting to US$908,516.40 not inclusive of interest, costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

    **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United State Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby:

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the defendant E. P. TEAM, INC., by any garnishees within this District, including but not limited to: ABN Amro Bank, HSBC (USA), Bank of America, Deutsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, and/or Standard Chartered Bank in an amount up to and including US$908,516.40, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

**ORDERED**, that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED**, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further,

**ORDERED**, that following initial service by the United Stated Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile or other electronic transmission to any garnishee; and it is further,

**ORDERED**, that service on any garnishee as described above is deemed effective continuous service throughout the day from time of such service through the opening of the garnishee's business the next business day; and it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: October 12, 2007

SO ORDERED:

_____
Victor Marrero
U.S.D.J.

Part I