HILL RIVKINS & HAYDEN LLP
*Attorneys for Defendant*
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASPEN INFRASTRUCTURES LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

        Plaintiff,

vs.

E.P. TEAM, INC.,

        Defendant.

Index No.: 07 CIV 8813(RWS)

**ANSWER WITH COUNTERCLAIM**

---

Defendant, E.P. TEAM, INC., by its attorneys, Hill Rivkins & Hayden LLP, as and for its Answer With Counterclaim to the Verified Amended Complaint of Plaintiff, ASPEN INFRASTUCTURES, INC., ("Aspen") states upon information and belief as follows:

1. Denies the allegations of paragraph 1 of the Verified Amended Complaint.

2. Denies the allegations of paragraph 2 of the Verified Amended Complaint.

3. Admits the allegations of paragraph 3 of the Verified Amended Complaint.

4. Admits the allegations of paragraph 4 of the Verified Amended Complaint, except that EP-Team was originally organized as a Nevada corporation.

### AS AND FOR A RESPONSE TO
### ASPEN'S FIRST CAUSE OF ACTION

5. Repeats and realleges each and every response to paragraphs 1 through 4 of the Verified Amended Complaint as if fully set forth herein.

6. Admits the allegations of paragraph 6 of the Verified Amended Complaint.

7. Denies the allegations of paragraph 7 of the Verified Amended Complaint.

8. Admits the allegations of paragraph 8 of the Verified Amended Complaint.

9. Denies the allegations of paragraph 9 of the Verified Amended Complaint.

10. Denies the allegations of paragraph 10 of the Verified Amended Complaint.

11. Denies the allegations of paragraph 11 of the Verified Amended Complaint.

## AS AND FOR A RESPONSE TO ASPEN'S SECOND CAUSE OF ACTION

12. Repeats and realleges each and every response to paragraphs 1 through 11 of the Verified Amended Complaint as if fully set forth herein.

13. Denies the allegations of paragraph 13 of the Verified Amended Complaint.

14. Denies the allegations of paragraph 14 of the Verified Amended Complaint.

15. Denies the allegations of paragraph 15 of the Verified Amended Complaint.

## AS AND FOR A RESPONSE TO ASPEN'S THIRD CAUSE OF ACTION

16. Repeats and realleges each and every response to paragraphs 1 through 15 of the Verified Amended Complaint as if fully set forth herein.

17. Admits the allegations of paragraph 17 of the Verified Amended Complaint.

18. Admits that Aspen gave notice to EP Team demanding arbitration as alleged in Paragraph 18 of the Verified Amended Complaint, but denies that it has refused to proceed to arbitration.

19. Admits that it filed a suit for declaratory judgment and other relief in the Southern District of Texas on or about August 7, 2007, as alleged in Paragraph 19 of the Verified

Amended Complaint, but denies that such suit in any way violated its obligations under the Agreement.

## AS AND FOR A RESPONSE TO
## ASPEN'S APPLICATION FOR RULE B ATTACHMENT

20. Repeats and realleges each and every response to paragraphs 1 through 20 of the Verified Amended Complaint as if fully set forth herein.

21. Denies the allegations of paragraph 21 of the Verified Amended Complaint.

22. Admits that Aspen has sought an Order of Attachment in this case as alleged in Paragraph 22 of the Verified Amended Complaint, but otherwise denies that Aspen is entitled to any attachments in this matter.

## FIRST AFFIRMATIVE DEFENSE

23. The Plaintiff's Verified Amended Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

24. Any damages that may have been sustained by the plaintiff, as alleged in the Verified Amended Complaint, were proximately, directly, and solely caused by the culpable acts of third parties over whom Defendant had and has no direction or control.

## THIRD AFFIRMATIVE DEFENSE

25. Any damages that may have been sustained by the plaintiff, as alleged in the Verified Amended Complaint, occurred as a direct result of Plaintiff's own fault and not by any actionable fault of Defendant and as such Plaintiff is barred from recovery in this action.

## FOURTH AFFIRMATIVE DEFENSE

26. This Court is an improper venue for this dispute.

## FIFTH AFFIRMATIVE DEFENSE

27. Defendant has not been properly served with process.

## SIXTH AFFIRMATIVE DEFENSE

28. This action is duplicative of pending litigation in another judicial district of the United States.

## SEVENTH AFFIRMATIVE DEFENSE

29. To the extent this Court jurisdiction is based upon maritime process within the meaning of the Supplemental Rules for Certain Admiralty & Maritime Claims, any process should be quashed and any arrest, attachment or other restraint of tangible or intangible property purportedly of Defendant must be vacated.

## EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff herein has failed to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

31. The forum is inconvenient and the Verified Amended Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## TENTH AFFIRMATIVE DEFENSE

32. Plaintiff has failed to bring the Defendant within the personal jurisdiction of the Court.

## ELEVENTH AFFIRMATIVE DEFENSE

33. This Court lacks personal jurisdiction over the Defendant.

## TWELVTH AFFIRMATIVE DEFENSE

34. This Answer and Counterclaim are made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

35. Any Rule B attachment is improper inasmuch as Defendant may be "found" in a district convenient to the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

36. The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of Defendant's property.

### FIFTEENTH AFFIRMATIVE DEFENSE

37. The Attachment should be vacated, because the Defendant can be "found" within this district.

### SIXTEENTH AFFIRMATIVE DEFENSE

38. Any attachments against the property of the Defendant should be vacated because the Plaintiff's claims have been adequately secured.

### SEVENTEENTH AFFIRMATIVE DEFENSE

39. Any attachments against the property of the Defendant should be vacated because the Plaintiff has not established that it has a maritime claim against the Defendant.

### AS AND FOR A COUNTERCLAIM
### FOR COUNTER-SECURITY

40. EP-Team repeats its responses and allegations to paragraphs 1 through 39 as if fully set forth herein.

41. The Services Agreement initially entered into between EP-TEAM and Aspen provides for arbitration of disputes in Singapore, where it is the custom and practice to award attorneys' fees and arbitrators' expenses in favor of the prevailing party against the losing party. PSL reasonably estimates that it will incur recoverable attorneys' fees associated with the Singapore arbitration in the amount of $330,000 (£160,000) and arbitrators' expenses in the amount of $310,000 (£150,000).

42. EP-Team is entitled to counter-security in an amount equal to the value of any property of EP-TEAM attached by Aspen in this action, up to the amount of $640,000, as security for its anticipated recoverable attorneys' fees and arbitrators' expenses associated with the Singapore arbitration.

**W H E R E F O R E**, Defendant prays:

1. For judgment dismissing the Verified Amended Complaint with prejudice;

2. The vacatur of any attachments or other restraint of tangible or intangible property that serve as a basis for jurisdiction over Defendant;

3. For interest and all costs of suit;

4. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 10, 2008

                      HILL RIVKINS & HAYDEN LLP
                      Attorneys for Defendant, E.P. Team, Inc.

                      By: _____
                          John J. Sullivan
                      45 Broadway, Suite 1500
                      New York, New York 10006
                      (212) 669-0600

## VERIFICATION

I, John J. Sullivan., hereby affirm as follows:

1. I am a member of the firm Hill Rivkins & Hayden LLP, attorneys for Defendant EP-Team, Inc. I have prepared and read the foregoing Verified Answer and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As Defendant is a foreign business entity and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated: New York, New York
       March 10, 2008

_____
John J. Sullivan