HILL RIVKINS & HAYDEN LLP
*Attorneys for Defendant*
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASPEN INFRASTRUCTURES LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

         Plaintiff,

vs.

E.P. TEAM, INC.,

         Defendant.

Index No.: 07 CIV 8813 (RWS)

**DECLARATION OF JOHN J. SULLIVAN**

---

John J. Sullivan, an attorney duly admitted to practice before this Honorable Court, declares under penalty of perjury as follows:

    1.    I am a member of the firm of Hill Rivkins & Hayden LLP, attorneys for the defendant, EP-Team, Inc. ("EP") in this matter, and as such, am fully familiar with the matter herein. I submit this Declaration in support of EP's motion to vacate this Court's order of attachment in favor of the plaintiff, Aspen Infrastuctures Ltd. ("Aspen") and to vacate certain attachments affected pursuant to that order of various electronic funds transfers passing through New York banks.

    2.    Attached as Exhibit D hereto is a series of correspondence from Aspen's counsel and representatives of JP Morgan Chase Bank and Wachovia Bank, reflecting the restraint of electronic funds transfers purported to be connected to EP, totaling $152,744.98, as follows:

| | | |
|---|---|---|
| October 24, 2007: | JP Morgan Chase Bank | $ 19,611.42 |
| November 12, 2007: | JP Morgan Chase Bank | $ 6,098.56 |
| November 19, 2007: | JP Morgan Chase Bank | $ 12,035.00 |
| February 27, 2008: | Wachovia Bank | $100,000.00 |
| February 29, 2008: | JP Morgan Chase Bank | $ 15,000.00. |

3. This Court has accepted as a related matter an action entitled *ProShipLine, Inc. v. Aspen Infrastructures Ltd.*, Civil Action No. 07-10969 (RWS). In that action, the Court issued a "So Ordered" Opinion entered on February 1, 2008, which vacated an order of attachment in favor of ProShipLine against the property of Aspen, and also vacated the service of process of maritime attachment and garnishment on two garnishee banks in New York. One of the bases for the Court's decision was the finding by a magistrate judge in a companion action filed in the Southern District of Texas (Galveston Division) that Aspen was present in the Southern District of Texas. Accordingly, under the discretion granted it under the Second Circuit's decision in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty., Ltd., 460 F.3d 434 (2005), this Court vacated the attachment because the Southern District of Texas was a more convenient forum. Attached as Exhibit E hereto is a copy of the Court's February 1, 2008, Opinion.

4. As the accompanying Declaration of Brian Kevin Rottinghaus establishes, EP maintains a permanent office in Houston and is therefore also present in the Southern District of Texas. As set out in the accompanying memorandum of law, this Court should properly exercise its discretion to vacate the attachments Aspen has obtained against property purported to be associated with EP.

     I hereby certify that the foregoing is true to the best of my knowledge and that if any statements herein are willfully false, I am subject to punishment.

Dated: April 30, 2008
       New York, New York

                                        John J. Sullivan