DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ASPEN INFRASTRUCTURE LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

                             Plaintiff,

    - against -

E.P. TEAM, INC.,

                             Defendant.
------------------------------------------------------X

07 Civ. 8813 (RWS)

DECLARATION OF
SANJEEV BANGAD IN
OPPOSITION TO DEFENDANT'S
MOTION TO VACATE
MARITIME ATTACHMENT

I, SANJEEV BANGAD DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOLLOWING IS TRUE AND CORRECT:

1. I serve in the capacity of General Manager of Suzlon Infrastructure Ltd., ("SIL"). This company originally changed its name to Suzlon Infrastructure Limited on August 11, 2005. It changed its name to Aspen Infrastructures, Ltd. ("AIL") on March 30, 2007 and reverted to Suzlon Infrastructure Limited on September 19, 2007. I am, and at all material times have been, a duly authorized agent for SIL/AIL in the above-entitled and numbered cause. I am employed by Suzlon Energy Ltd. SIL/AIL is an associated company of Suzlon Energy Ltd. SIL/AIL is not a subsidiary of Suzlon Energy Ltd (although the two companies do have related directorship and ownership). While the Court is no doubt familiar with the background of SIL/AIL from the



related litigation involving SIL/AIL and the defendant's other incarnation as "ProShipLine, Inc." as that is a separate litigation, I will state that SIL/AIL is a corporation organized under the laws of India with its main office located in Pune, India. Suzlon Energy Ltd., is engaged in the manufacture and sale of alternative energy producing devices, in particular wind turbines. SIL/AIL is mainly concerned with sea transportation of Suzlon Energy's products to the worldwide market. To facilitate that distribution, SIL/AIL has entered into the transportation/logistics business, mainly through the charter of ocean going vessels. While the vessels will normally leave India with cargoes associated with Suzlon Energy, in order to be fully utilized the vessels required employment for return voyages from the US, back to Asia. For that reason SIL/AIL undertook to arrange a US agency to secure cargoes for the vessels that SIL/AIL control.

The claims at issues this dispute arise from a Sales and Logistics Services Agreement ("Agreement") entered into between SIL/AIL and defendant EP-Team, Inc., ("EPT"), dated April 9, 2007, under which SIL/AIL appointed EPT to act as its agent for purposes that included securing cargo originating in the U.S. in order to allow SIL/AIL to generate revenue from the vessels that it was chartering to carry Suzlon Energy products to the U.S. from Asia, mainly India. The Agreement does not grant EPT any exclusive rights to SIL/AIL's business. Neither does the agreement in any way either guide or restrict the business model or practices adopted by SIL/AIL. No guarantee was written into the Agreement that SIL/AIL would provide any minimum number of its vessels per year or otherwise to USA or that it was obligated to continue to provide vessels for cargoes booked by EP-Team at all.



3. Under the terms of the Agreement, EPT was required to establish a dedicated sales and support staff to service SIL/AIL's needs in Houston, Texas. This was contained in Attachment A to the Agreement, at page 7, under the heading "Structure of Sales and Support Services." As part of meeting this requirement of the Agreement EP-Team established ProShipLine, Inc., which was housed in the offices of SIL/AIL's general agent, General Maritime, in Houston. We had to specifically write Houston into the Agreement because at the time that we entered into the Agreement, EPT did not have an office in Houston, the base of its operations was located in a suburb of Dallas, Texas.

4. During the 14 months that the Agreement was operational between SIL/AIL and EPT, I am the person at SIL/AIL who was responsible for monitoring the relationship. All of my dealings were either with EPT, usually through David Pulk, the President of EPT, or with their agent or subcontractor ProShipLine's personnel in Houston. David Pulk was and remains located outside of Dallas, Texas, where EPT has its headquarters.

5. I have seen the Declaration of Brian Kevin Rottinghaus dated April 29, 2008. During the course of the relationship between SIL/AIL and EPT, I was at the Houston office on several occasions and during a visit in January 2007 I did meet Mark Michaels. He was then an operations manager of EP-Team. He was visiting the PSL office in Houston. I never met Brian Kevin Rottinghaus either during this visit or during any of my other visits and had not heard of him.

6. During my dealings with David Pulk, the President of EPT, he never mentioned any business that was being conducted by EPT in Houston, other than the work being done by ProShipLine for SIL/AIL. I am not aware of any business that EPT had conducted in Houston save for work done to support ProShipLine.

**I DECLARE UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed:    May 13, 2008

SANJEEV BANGAD