DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ASPEN INFRASTRUCTURE LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

                              Plaintiff,

      - against -

E.P. TEAM, INC.,

                              Defendant.
---------------------------------------------------------------X

07 Civ. 8813 (RWS)

DECLARATION OF
JOHN A. ORZEL IN OPPOSITION
TO DEFENDANT'S MOTION TO
VACATE
MARITIME ATTACHMENT

John A. Orzel declares under penalty of perjury that:

1. I am an attorney at law and a member of the bar of this honorable Court. I am a partner in the law firm of De Orchis & Partners, LLP., representing the plaintiff, Aspen Infrastructures, Ltd. I make this Declaration upon my personal knowledge and information in opposition to the motion to vacate the process of maritime attachment and garnishment issued from this Court more than 6 months ago, on October 12, 2007.

2. In order properly to understand the true import of the current motion by defendant EP-Team, Inc., (hereinafter "EP-Team") it must be viewed in the context of the global litigation picture that has arisen from the ending of the contractual relationship between AIL/SIL and EP-Team. While the Court is well aware of the status of the "companion" case in which EP-Team's associated company,

ProShipLine, Inc.(hereinafter "PSL"), obtained a writ of attachment against AIL/SIL and in which PSL was able to seize and hold funds belonging to AIL/SIL. The Court vacated that attachment by Order entered on February 1, 2008, based partially upon the same grounds that EP-Team is advocating warrant an Order vacating the attachment being maintained by AIL/SIL. As the Court is also aware, PSL is appealing the Court's February 1, 2008 Order, partially based upon the argument that the Court abused its discretion in finding that AIL/SIL is jurisdictionally present within the Southern District of Texas, in reliance upon the Memorandum and Order of Magistrate Judge Froeschner dated December 18, 2007, the objection to which made by EP-Team and PSL was overruled by District Judge Rosenthal by Order dated February 19, 2008. EP-Team/PSL have moved for reconsideration of the District Judge's decision, again based upon a challenge to the finding of the magistrate judge that AIL/SIL is "present" in the Southern District of Texas. Annexed hereto as **Exhibit A** is a copy of the Form C- appeal statement filed by PSL in connection with the appeal of the Court's February 1, 2008 Order. Annexed hereto as **Exhibit B** is a copy of the Memorandum and Order of Magistrate Judge Froeschner dated December 18, 2007. Annexed hereto as **Exhibit C** is a copy of the Memorandum and Order, dated February 19, 2008, by District Judge Rosenthal Overruling EP-Team/PSL's objection to the magistrate's decision.

3. EP-Team/PSL also obtained a writ of maritime attachment against AIL/SIL in the United States District Court for the Western District of Washington. In that action, EP-Team/PSL succeeded in attaching bunker fuel on board three vessels that were

chartered by AIL/SIL which called at ports in the State of Washington. In response to a motion on behalf of AIL/SIL, the court vacated the attachment and ordered EP-Team/PSL to compensate AIL/SIL for the lost value of bunkers that were physically removed from one of the vessels. EP-Team/PSL moved for reconsideration of the court's March 28, 2008 decision. This motion was denied by Order dated April 17, 2008, which specifically Ordered the release of attached and deposited funds and that EP-Team/PSL pay Aspen US$28,092.06 in compensation for the lost value of bunkers removed from a vessel chartered by Aspen. EP-Team/PSL are appealing the decision of the Western district of Washington, partially on the grounds that Judge Burgess relied upon the finding by Magistrate Froeschner that AIL/SIL was " present" in the Southern District of Texas and that this reliance was improper. Annexed hereto as **Exhibit D** is a copy of the decision of District Judge Burgess, dated March 28, 2008, vacating the writ of attachment. Annexed hereto as **Exhibit E** is a copy of the Order dated April 17, 2008, denying EPT/PSL's motion for reconsideration of the March 28, 2008, decision. Annexed hereto as **Exhibit F** is a copy of the civil appeal statement filed by EP-Team/PSL in connection with their appeal to the Ninth Circuit.

4. Annexed hereto as **Exhibit G** are print-outs retrieved from the Texas Secretary of State's public website of the corporate information maintained for EP-Team. It shows that the registered agent for the service of process is David R. Pulk, located at 3700 Fourms Drive, Ste. 201, Flower Mound, Texas 75028; that the application for registration listed 3700 Fourms Drive, Ste. 201, Flower Mound, Texas

75028 as the address for the corporation; that David R. Pulk, again at the Dallas address is listed as the director, as well as Neil Johnson, at a Singapore address.

5. Annexed hereto as **Exhibit H** is a print-out from the Delaware Secretary of State's Gateway, maintained by LexisNexis. It shows that EP-Team is in arrears in paying its corporate taxes to the state and is therefore not currently in good standing.

6. Annexed hereto as **Exhibit I** is a Dun & Bradstreet report obtained on EP-Team on May 15, 2008. It reports that EP-Team is a "single location" entity with offices at 3700 Forums Dr. Ste. 201, Flower Mound, Texas. It is interesting to note that confirmation as to EP-Team's location, among other information, was provided by Kevin Rottinghaus, who was identified as the "Manager" or EP-Team on September 10, 2007. (See page 11 of 11). This is apparently the same Kevin Rottinghaus who gave the Declaration in Support of EP-Team's present motion.

7. Annexed hereto as **Exhibit J** are copies of the corporate documents downloaded from the Texas Secretary of State's website. They show that PSL is located at 3340 B Greens Road, Ste. 690, Houston, Texas 77032. They also indicate that the same David R. Pulk is the registered agent, located at the Flower Mound, Texas address. They also show that, just like EP-Team, PSL has a board of directors made up of the same David R. Pulk and the same Neil Johnson. [The Court will recall that Mr. Johnson filed a declaration in the companion case in which he identified himself as a "principal" of PSL]. The application for registration also shows that David R. Pulk is the president of PSL.

8. Annexed hereto as **Exhibit K** is a print-out from the Delaware Secretary of State's Gateway, maintained by LexisNexis. It shows that PSL is in arrears in paying its corporate taxes to the state and is therefore not currently in good standing.

9. Annexed hereto as **Exhibit L** is a print-out from the Delaware Secretary of State. It shows that EP-Team has a Uniform Commercial Code filing against PSL. The filing was made on December 14, 2007. Annexed hereto as **Exhibit M** is a Dun & Bradstreet report generated on PSL on April 14, 2008. At page 9 of 12 of that report is the information on the U.C.C. filing noted on the form from the Delaware Secretary of State's website. The U.C.C. filing lists as collateral, "Inventory including proceeds and products – Accounts receivable including proceeds and products – Account(s) including proceeds and products – Vehicles including proceeds and products – and OTHERS."

10. Annexed hereto as **Exhibit N** is a copy of a print-out from the LexisNexis Public Records data base of a Texas Fictitious Names filing on behalf of ProShipLine, Inc., which was filed on June 29, 2007.

11. Annexed hereto as **Exhibit O** is a copy of the "Affidavit of David R. Pulk," sworn to under penalty of perjury on November 15, 2007, in opposition to Aspen's motion to vacate the writ of maritime attachment issued by the Southern District of Texas.

12. Annexed hereto as **Exhibit P** is a copy of the "Affidavit of Jesus R. Baiza," sworn to under penalty of perjury on November 15, 2007, in opposition to Aspen's

motion to vacate the writ of maritime attachment issued by the Southern District of Texas.

13. Annexed here to as **Exhibit Q** is a copy of the Declaration of Sanjeev Bangad in Support of Defendant's Application, dated January 9, 2008, filed in the companion case of *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 07 Civ. 10969 (RWS)(Without Exhibits).

14. Annexed hereto as **Exhibit R** is a copy of the transcript of the oral argument conducted in connection with the opposed motion for entry of final judgment and motion for reconsideration, held before Magistrate Judge John R. Froeschner on April 30, 2008, in *ProShipLine, Inc. and EP-Team, Inc. v. m/v BELUGA REVOLUTION, et. al.*, 07-CV-4170 (S.D.Tx.). I have highlighted the portions of the transcript which I believe would be helpful to the Court in considering this matter.

15. Annexed hereto as **Exhibit S** is a copy of the E-Mail notification I sent to John Sullivan, counsel for EP-Team on May 15, 2008, that JP Morgan Chase Bank had restrained an electronic fund transfer being sent to EP-Team in the amount of US$17,807.34.

16. Annexed hereto as **Exhibit T** is a copy of the current 2008 Journal of Commerce Transportation Telephone Tickler (Vol. III) covering Houston, Texas. The pages copied show that there is an entry for ProShipLine, Inc., at the Houston address, but that there is no entry for EP-Team.

Executed:    May 15, 2008

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____
John A. Orzel