**07 Civ. 8813 (RWS)**

**DECLARATION OF
JOHN A. ORZEL IN OPPOSITION TO DEFENDANT'S M OTION TO
VACATE
MARITIME ATTACHMENT**

*Exhibit A*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE.    2. PLEASE TYPE OR PRINT.    3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| ProShipLine, Inc. v. Aspen Infrastructures Ltd. | S.D.N.Y. | Robert W. Sweet |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | Feb. 1, 2008 | 07 CV 10969 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | Feb. 14, 2008 | ☐ Yes    ☒ No |

| Attorney(s) for Appellant(s): ☒ Plaintiff ☐ Defendant | Counsel's Name: John J. Sullivan, Esq. Hill Rivkins & Hayden, 45 Broadway, New York, NY 10006 | Telephone No.: 212-669-0600; | Fax No.: 212-669-0698; | E-mail: JSullivan@ hillrivkins.com |
|---|---|---|---|---|

| Attorney(s) for Appellee(s): ☐ Plaintiff ☒ Defendant | Counsel's Name: John A. Orzel, Esq. 61 Broadway, DeOrchis & Partners NY,NY 10006 | Telephone No.: 212-344-4700; | Fax No.: 212-422-5099; | E-mail: Jorzel@ marinelex.com |
|---|---|---|---|---|

| Has Transcript Been Prepared? No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☒ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:    Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A":* COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B":* COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party    ☐ Diversity | ☐ Final Decision    ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☒ Federal question (U.S. not a party)    ☐ Other (specify): _____ | ☒ Interlocutory Decision Appealable As of Right    ☒ Other (specify): Swift & Co. Packers v. Compania Colombiana 336 U.S. 684 (1950) |

IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

FORM C (Rev. April 2006)

---

**PART B:  DISTRICT  COURT  DISPOSITION**   (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|

1. **Stage of Proceedings**

XXX Pre-trial
☐ During trial
☐ After trial

2. **Type of Judgment/Order Appealed**

☐ Default judgment
☐ Dismissal/jurisdiction
☐ Dismissal/merit
☐ Summary judgment
☐ Declaratory judgment

☐ Judgment / Decision of the Court
☐ Jury verdict
☐ Judgment NOV
☐ Directed verdict
🆇 Other (specify): Order Vacating Attachment

3. **Relief**

XXX Damages:

_x_ Sought: $ 6,390,000
___ Granted: $ _____
___ Denied: $ _____

☐ Injunctions:
☐ Preliminary
☐ Permanent
☐ Denied

---

**PART C:  NATURE OF SUIT**   (Check as many as apply)

1. **Federal Statutes**

☐ Antitrust
☐ Bankruptcy
☐ Banks/Banking
☐ Civil Rights
☐ Commerce,
☐ Energy
☐ Commodities
☐ Other (specify): _____

☐ Communications
☐ Consumer Protection
☐ Copyright ☐ Patent
☐ Trademark
☐ Election
☐ Soc. Security
☐ Environmental

☐ Freedom of Information Act
☐ Immigration
☐ Labor
☐ OSHA
☐ Securities
☐ Tax

2. **Torts**

☐ Admiralty/ Maritime
☐ Assault / Defamation
☐ FELA
☐ Products Liability
☐ Other (Specify):

3. **Contracts**

x🆇 Admiralty/ Maritime
☐ Arbitration
☐ Commercial
☐ Employment
☐ Insurance
☐ Negotiable Instruments
☐ Other Specify

4. **Prisoner Petitions**

☐ Civil Rights Habeas Corpus
☐ Mandamus
☐ Parole
☐ Vacate Sentence
☐ Other

5. **Other**

☐ Forfeiture/Penalty
☐ Real Property
☐ Treaty (specify): _____
☐ Other (specify): _____

6. **General**

☐ Arbitration
☐ Attorney Disqualification
☐ Class Action
☐ Counsel Fees
☐ Shareholder Derivative
☐ Transfer

7. Will appeal raise constitutional issue(s)?
☐ Yes   🆇 No

Will appeal raise a matter of first impression?

☐ Yes   🆇 No

---

1. Is any matter relative to this appeal still pending below?  XXXYes, specify: Underlying claim for breach  ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?    ☐ Yes    XXXNo

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?    ☐ Yes    XXXNo

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

---

| Date: Feb. 28, 2008 | Signature of Counsel of Record: *[signature] John J. Sullivan* |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only ten (10) calendar days in which to complete the following important steps:

  1.  Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file two copies with the Clerk of the Second Circuit.
  2.  File two copies of the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit.
  3.  Pay the $455 docketing fee to the Clerk of the United States District Court, unless you are authorized to prosecute the appeal without payment.

      PLEASE NOTE:  IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN TEN (10) CALENDAR DAYS, YOUR APPEAL WILL BE DISMISSED. *SEE* THE CIVIL APPEALS MANAGEMENT PLAN OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

FORM C (Rev. April 2006)

## ADDENDUM "A" TO Form C

1.      This is an action brought under the district court's admiralty jurisdiction in connection with a claim for breach of a maritime contract. Plaintiff-Appellant ProShipLine, Inc. (hereinafter "PSL") maintains that it is the valid assignee of a maritime contract between Defendant-Appellee Aspen Infrastructures Ltd. ("Aspen") and EP-Team, Inc., a corporate affiliate of PSL. As security for its claim, PSL sought to attach the tangible and/or intangible property of Aspen located in the Southern District of New York, pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure. After PSL had successfully attached funds on deposit in New York totaling $2,353,311.50 connected to Aspen, Aspen moved to vacate the attachments, on the grounds that PSL and Aspen were both present in the Southern District of Texas, that PSL's claim was not a maritime claim, and that PSL had misapplied Rule B.

2.      The district court, per Judge Robert W. Sweet, in a "So Ordered" Opinion entered on February 1, 2008, granted Aspen's motion to vacate the attachments, holding that (1) vacatur was proper under this Court's holding in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434 (2d Cir. 2006), because both parties were present in the Southern District of Texas, (2) PSL did not have a maritime claim so as to support a Rule B attachment, and (3) PSL had misapplied Rule B by filing its own action rather than entering an appearance in a related action commenced by Aspen solely against PSL's affiliate and assignor, EP-Team Inc. PSL hereby appeals from the district court's February 1, 2008, Opinion in its entirety.

1

3.    Copies of the Notice of Appeal and the current docket sheet(s) in the

district court are attached to this Addendum as Exhibit 1.


4.    A copy of the district court's February 1, 2008, "So Ordered" Opinion is

attached to this Addendum as Exhibit 2.

## ADDENDUM "B" TO Form C

**Proposed Issues to Be Raised on Appeal**

1.    Whether the district court erred in holding that the existence of a purported agent of the Defendant-Appellee located in the Southern District of Texas, where the Plaintiff-Appellant has its principal place of business, justified vacatur of a Rule B attachment against the property of the Defendant-Appellee in this district. This issue is reviewable for an abuse of discretion.

2.    Whether the district court erred in holding that the Plaintiff-Appellant did not have a maritime claim sufficient to support a Rule B attachment because the claim arose from the executory portions of the maritime contract at issue. This is a question of law reviewable *de novo*.

3.    Whether the district court erred in holding that the filing by the Plaintiff-Appellant of a separate Rule B action against Defendant-Appellee, rather than the Plaintiff-Appellant's appearing in an action previously filed by Defendant-Appellee, was a misapplication of Rule B so as to justify vacatur of the Rule B attachment, even though Plaintiff-Appellant was not named in the action filed by Defendant-Appellee against Plaintiff-Appellant's assignor and affiliate. This is an issue of law reviewable *de novo*.