07 Civ. 8813 (RWS)


DECLARATION OF
JOHN A. ORZEL IN OPPOSITION TO DEFENDANT'S M OTION TO
VACATE
MARITIME ATTACHMENT


*Exhibit P*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EP-TEAM, INC. and <br> PROSHIPLINE, INC. <br>         Plaintiff, <br> v. <br> ASPEN INFRASTRUCURE, LTD. f/k/a <br> SUZLON INFRASTRUCTURE, LTD, <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. H-07-2549 <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF JESUS R. BAIZA

I, Jesus R. Baiza, declare under penalty of perjury that the following is true and correct.

1. I am the General Manager of ProShipLine, Inc. ("ProShipLine") and am, and at all material times have been, a duly authorized agent for ProShipLine, which was assigned a contract by EP Team, Inc. ("EP Team"), in the above-entitled and numbered cause of action.

2. All of the bank accounts maintained for the performance of the "Sales and Logistics Service Agreement" (the "Contract") between Suzlon Infrastructure, Ltd. ("SIL") and EP Team were in the name of ProShipLine. With the exception of a loan from EP Team to SIL in order to allow the discharge of freight from the first vessel under the terms of the Contract, and at the specific request of SIL, EP Team did not send or receive any money pertaining to the performance of the Contract, a fact which was always known by SIL which later changed its name to Aspen Infrastructure, Ltd. ("AIL").

3. All of the invoices which were prepared for the agency fee (commission) under the Contract were issued in the name of ProShipLine and not in the name of EP Team. All of these invoices were sent to AIL for approval prior to being paid. Many of the invoices contained the statement that **ProShipLine, Inc. as agents for Aspen Infrastructure Limited (Owners).**

4. On July 5, 2007, ProShipLine was advised by Mr. Sanjivv Bangad of AIL that from August 1, 2007, it would no longer be the agent for AIL. ProShipLine understood this action to be the unilateral breach of the Contract by AIL that indicated

-1-

EXHIBIT B

AIL did not intend to perform any further obligations imposed by the Contract after August 1, 2007. ProShipLine accepted this breach by AIL and understood that ProShipLine was discharged from performing, after August 1, 2007, any obligations under the Contract. Prior to receiving the notice, AIL had never advised ProShipLine that AIL considered ProShipLine to be in breach of any of its obligations under the Contract.

5. ProShipLine at all times fully accounted for ocean freights which were collected on behalf of AIL during the operation of the Contract.

6. ProShipLine fulfilled all of its obligations to AIL under the Contract up to the time of termination of the Contract by AIL which was Midnight, July 31, 2007, USA Central Daylight Time.

7. ProShipLine at all times negotiated in good faith and kept proper accounts of payments made on behalf of AIL to third-party service providers. Under the terms of the Contract, ProShipLine made payments to third-party service providers on behalf of AIL only upon the express authorization of AIL.

8. ProShipLine made payments to third-party service providers upon the express instructions of AIL as received prior to the termination of the Contract by AIL on August 1, 2007.

9. Any claims which AIL has from the performance of the Contract are against ProShipLine rather than EP Team.

10. The ProShipLine impress account which has funds pertaining to the performance of the Contract has a balance of approximately $699,000.

11. ProShipLine believes that AIL breached the Contract and that ProShipLine will be entitled to recover damages against AIL, either in a lawsuit or an arbitration, far in excess of that amount.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 15, 2007.

_/s/ Jesus R. Baiza_
Jesus R. Baiza