DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ASPEN INFRASTRUCTURE LTD., F/K/A
SUZLON INFRASTRUCTURE LTD.,

                    Plaintiff,

   - against -

E.P. TEAM, INC.,

                    Defendant.
------------------------------------------------------X

07 Civ. 8813 (RWS)

DECLARATION OF
K. MURALITHERAPANY IN
OPPOSITION TO DEFENDANT'S
MOTION TO VACATE
MARITIME ATTACHMENT

I, K. Muralitherapany, declare as follows under the penalty of perjury of the laws of the United States of America that:

1. I am a Singapore Advocate and Solicitor duly licensed to practice law in the Republic of Singapore. I am a partner in the law firm of Joseph Tan Jude Benny and am the legal counsel representing Suzlon Infrastructure Ltd., which was formerly known as Aspen Infrastructures, Ltd., (hereinafter referred to as "SIL/AIL") in an ongoing arbitration proceedings by SIL/AIL against EP-Team, Inc., (hereinafter referred to as "EP-Team") in Singapore (hereinafter referred to as "Singapore arbitration proceedings").

2. I make this declaration in opposition to the motion that EP-Team has made in New York seeking an Order vacating the maritime attachment issued in favor of SIL/AIL. I have personal knowledge of the matters stated in this declaration.

3. In the Singapore arbitration proceedings, SIL/AIL is claiming damages against EP-Team arising from a Sales and Logistics Services Agreement, dated April 9th, 2006, between SIL/AIL and EP-Team (hereinafter referred to as "Agreement"). I have been informed, to one degree or another, of the legal positions taken by SIL/AIL in the various United States legal proceedings that have arisen from the Agreement and the various claims that ProShipLine, Inc. (hereinafter referred to as "ProShipLine"), has made in the said various legal proceedings, including the allegation that EP-Team assigned the Agreement to ProShipLine and that ProShipLine is being denied the opportunity to assert any claims that it might have against SIL/AIL, in arbitration in Singapore.

4. Attached hereto as Exhibit 1 is a true and correct copy of an excerpt of the Agreement. Under Clause 15 of the Agreement, if parties have not agreed on the location of the arbitration, it will be held in Singapore. If ProShipLine wishes to commence arbitration proceedings in Singapore, it only needs to issue a Notice of Arbitration and appoint an arbitrator in Singapore. There is no impediment to ProShipLine from doing so. As of the date of this declaration, ProShipLine has not initiated any arbitration proceedings against SIL/AIL. The only arbitration proceedings currently arising from the Agreement is the ongoing Singapore arbitration proceedings by SIL/AIL against EP-Team.

5. In the Singapore arbitration proceedings, during a procedural hearing between the parties and the Singapore Arbitral Tribunal on January 28th, 2008, Berwin Leighton Pasiner (hereinafter referred to as "BLP"), legal counsel for both EP-Team and ProShipLine in the Singapore arbitration proceedings, stated that EP-Team has no books or records relating to the business and that the books and records are the books and records of ProShipLine.

6. On February 4th, 2008, on behalf of SIL/AIL, I gave notice to BLP, that SIL/AIL wishes to exercise its absolute right under the Agreement to audit the books and records relating to the Agreement whether in the hands of EP-Team or ProShipLine. Attached hereto as Exhibit 2 is a copy of the said notice.

7. EP-Team's formal response to SIL/AIL's said notice was that it has no books or records relating to the business. Attached hereto as Exhibit 3 is a copy of an email from BLP dated February 8th, 2008 containing EP-Team's said response.

8. Further, despite ProShipLine's claim that it is a party to the Agreement and that it ostensibly has the books and records relating thereto, ProShipLine has refused to allow an audit in response to SIL/AIL's notice that it wishes to exercise its absolute right under the Agreement to audit the books and records relating to the Agreement. Attached hereto as Exhibit 4 is a copy of an email from BLP dated February 6th, 2008, containing ProShipLine's said refusal for an audit of its books and records.

9. As SIL/AIL were unable to obtain an audit of the books and records relating to the Agreement and SIL/AIL wished to proceed with its claim against EP-Team without further delay, SIL/AIL made three applications to the Singapore Arbitral Tribunal for partial or interim awards in respect of the following relief: for the production of documents for the purpose of an audit; for payment of the monies in the Impress Account; and the determination of certain questions as preliminary issues. Two affidavits by Sanjeev Bangad dated March 13th, 2008, were filed in support of the said three applications by SIL/AIL.

10. Full details of the said three applications by SIL/AIL can be found in the following attachments. Attached hereto as Exhibit 5 is a copy of Application No. 1 relating to the production of documents for the purpose of an audit. Attached hereto as Exhibit 6 is a copy of Application No. 2 relating to the payment of the monies in the Impress Account. Attached hereto as Exhibit 7 is a copy of Application No. 3 relating to the determination of certain questions as preliminary issues. Attached hereto as Exhibit 8 is a copy of the 1st Affidavit of Sanjeev Bangad filed in support of Applications No. 1 and 2. Attached hereto as Exhibit 9 is a copy of the 2nd Affidavit of Sanjeev Bangad filed in support of Application No. 3.

11. The Singapore Arbitral Tribunal thereafter directed that EP-Team respond to SIL/AIL's three applications on or before April 18th, 2008.

12. Attached hereto as Exhibit 10 is a true and correct copy of the First Affidavit of David Raymond Pulk, dated April 18th, 2008, which was filed in response to SIL/AIL's three applications and the two supporting affidavits filed by Sanjeev Bangad.

13. The Singapore Arbitral Tribunal has directed that SIL/AIL may file an affidavit in reply to the First Affidavit of David Raymond Pulk by May 30th, 2008. Further directions will be given by the Singapore Arbitral Tribunal after service of the reply affidavit to be filed by SIL/AIL.

14. On April 25th, 2008, on behalf of SIL/AIL, I made a request by email to BLP in their capacity as solicitors for both EP-Team and ProShipLine for the latest bank statements relating to the Impress Account. As of the date of this declaration, there has been no response to SIL/AIL's request and SIL/AIL is thus unaware of the current standing of the Impress Account. Attached hereto as Exhibit 11 is a copy of the said email.

I DECLARE UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed:   at Singapore
            May 15th, 2008

K. Muralitherapany