UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

ASPEN INFRASTRUCTURES LTD.,
f/k/a/ SUZLON INFRASTRUCTURE
LTD.,

                Plaintiff,            07 Civ. 8813 (RWS)

  -against-                     MEMORADNUM OPINION
                                      AND ORDER
E.P. TEAM, INC.,

                Defendant.

----------------------------------X

A P P E A R A N C E S:

      Attorney for Plaintiff

      DEORCHIS & PARTNERS, LLP
      61 Broadway, 26th Floor
      New York, NY  10006-2802
      By:  John A. Orzel, Esq.


      Attorney for Defendants

      HILL, RIVKINS AND HAYDEN
      45 Broadway, Suite 1500
      New York, NY  10006
      By:  John James Sullivan, Esq.

Sweet, D.J.,

Defendant EP-Team, Inc. ("EP-Team" or the "Defendant") has moved under Supplemental Admiralty Rule E(4)(f), Fed. R. Civ. P., to vacate the October 12, 2007, Ex Parte Order for Process of Maritime Attachment and the attachment of $152,744.98 pursuant to that order. Based on the prior proceedings and the conclusions set forth below, the motion is denied.

## Prior Proceedings

The parties' familiarity with the facts of this case is assumed. In brief, this action, termed the "First New York Action" in the opinion of this Court in the "Second New York Action," Proshipline, Inc. v. Aspen Infrastructures Ltd., f/k/a Suzlon Infrastructure Ltd., 533 F. Supp. 2d 422 (S.D.N.Y. Feb. 1, 2008), was commenced on October 12, 2007, and became part of the web of litigation created by the parties after the termination of their agreement in July 2007. The parties' agreement bound EP-Team and plaintiff Aspen Infrastructures Ltd., f/k/a Suzlon Infrastructure Ltd. ("Aspen" or the "Plaintiff") to arbitrate in Singapore. In addition to the Singapore arbitration and the two cases filed in this district, actions arising out of the same set of facts have been commenced

1

in the United States District Courts in the Western District of Washington (the "Washington Action") and the Southern District of Texas the (the "First Texas Action" and the "Second Texas Action").

As set forth in this Court's opinion in the Second New York Action, the attachment obtained by Proshipline, Inc. ("PSL") over funds of Aspen was vacated on the basis that the underlying contract was executory, that both PSL and Aspen were present in the Southern District of Texas, where the Second Texas Action was pending, and that Rule B had been misapplied, as Aspen was already before the Court in this action when PSL, the assignee of EP-Team, filed the Second New York Action instead of appearing in this action. PSL requested from the Court of Appeals a stay of the vacatur pending appeal, and its request was denied. PSL's appeal of this Court's opinion in the Second New York Action is now pending.

On this motion, the parties have reversed the positions they adopted in the Second New York Action. EP-Team asserts that both parties are present in the Southern District of Texas, that Aspen should be judicially estopped from arguing otherwise based upon its assertions of presence there in the Second New York Action, and therefore, that this Court should

exercise its discretion to vacate the maritime attachment in this action. See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 444-45 (2005). Aspen opposes the motion on the grounds that EP-Team has not established that both Aspen and EP-Team are present in the Southern District of Texas, and asserts that in light of the prior proceedings in this case, the Court should refuse to exercise its discretionary authority to vacate the attachment.

**Aspen's Attachment is Proper and Equity Does Not Counsel in Favor of Vacatur**

When a defendant moves to vacate an attachment pursuant to Supplemental Admiralty Rule E(4)(f), the plaintiff bears the burden of showing that the filing and service requirements of Supplemental Admiralty Rules B and E were met and that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." Aqua Stoli Shipping Ltd., 460 F.3d at 445. If the plaintiff fails to demonstrate that it has met the requirements, the Court must vacate the attachment.

3

If the plaintiff carries its burden of showing that an attachment satisfies the requirements of Supplemental Rules B and E, the district court may still vacate the attachment if the defendant can show that "1) the defendant is present in a convenient adjacent jurisdiction; 2) the defendant is present in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for a judgment."  Aqua Stoli Shipping Ltd., 460 F.3d at 436.

EP-Team does not contest that Aspen has met the requirements of Rules B and E.  Rather, EP-Team requests that the Court exercise its discretion to vacate the attachment against it on equitable grounds, namely that both EP-Team and Aspen are present in the Southern District of Texas.  Pursuant to Aqua Stoli, the burden is on EP-Team to establish equitable grounds for vacatur, 460 F.3d at 445 n.5, and it has not met that burden here.  Aspen contests EP-Team's presence in the Southern District of Texas for the purposes of Rule B, see Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963), and EP-Team's submissions on this motion are insufficient to establish its consent to the jurisdiction of that court.

Moreover, as established by Aspen's submission on this motion, the responsibilities of EP-Team and PSL with respect to these various proceedings and the underlying agreement are elusive. The real party in interest is unresolved. According to Aspen's submission, EP-Team has asserted that it has no records relating to the freights at issue in the Singapore arbitration, as those records are in the custody of PSL, which is absent from the Singapore litigation and has likewise refused to produce any records relating to Aspen. Jurisdiction in this court may be necessary to effectuate the Singapore arbitration.

For the reasons set forth above, EP-Team's motion to vacate the attachment is denied.

It is so ordered.

New York, N.Y.
August  /  , 2008

ROBERT W. SWEET
U.S.D.J.

5